# A. B. Shaw, Plff. in Err., *v.* W. W. Betts et al., Admrs.

When a sum of money is decreed to two persons jointly, and one of them claims more than a moiety thereof, the burden of proving his right thereto is upon him.

(Decided May 17, 1886.)

Error to the Common Pleas of Clearfield County to review a judgment for plaintiffs in an action of assumpsit. Affirmed.

A. H. Shaw, A. B. Shaw, and Joseph Shaw were appointed executors of Richard Shaw. On January 1, 1879, the first partial account of the executor was filed in the orphans' court

of Clearfield county. Upon this account commissions were allowed to the executors in the sum of $2,700. This sum was paid to A. B. Shaw in a lump.

This action was brought by W. W. Betts and Mary E. Shaw, administrators of A. H. Shaw, who has died since the above accounting, against the surviving executors, to recover said Shaw's share of such execution commissions. The record was subsequently amended so that A. B. Shaw was sole defendant.

The court below charged as follows:

This is an action brought on behalf of the estate of A. H. Shaw to recover what is claimed to be his share of the commissions which were allowed by the orphans' court for settling up, to a certain date, the estate of Richard Shaw, deceased. Suit was originally brought against A. B. Shaw and Joseph Shaw, but the record has since been amended by striking out the name of Joseph Shaw, so that the suit is against A. B. Shaw only. You are simply trying the issue between the plaintiffs and A. B. Shaw.

In the first place you are to remember that this is not a controversy in which the estate of Richard Shaw is interested. That estate has nothing to do with it whatever; it is simply, as the record now stands, between the estate of A. H. Shaw and A. B. Shaw. The commissions were all received, it has appeared in evidence, by the defendant, and the plaintiffs claim to recover said A. H. Shaw's share of those commissions. They cannot in any event recover more than one third and may recover less, not more. I think the case has been somewhat confused by the manner in which it was presented to you in this point of view. [The account in which these claims were charged was settled by the executors jointly, and the commissions were allowed in a lump to the executors by the auditor, and by the court on confirmation of the auditor's report. That, upon its face, without anything more, would go to show that each one of the three executors was entitled to one third of those commissions; and in the absence of evidence to the contrary, in the absence of anything to change that prima facie case, the

plaintiffs here would be entitled to one third; and the burden of proof is therefore not upon the plaintiffs in this case, but is upon the defendant to show that the plaintiffs are not entitled to one third.]

There is another point in the case. It has been argued to you by counsel for the defendant, as though it were a question of value of services rendered by plaintiffs' decedent to defendant; that was the form in which it was argued, although no doubt the counsel did not intend you to understand it in that way; but it is not a question of the value of services rendered by the plaintiffs' decedent to defendant at all. [The services claimed for were not rendered to the defendant, they were rendered to the estate; if the plaintiffs' decedent did render any with the other executors, they were rendered by the three executors to the estate; and the question for you to determine is, simply, whether the defendant is entitled to more than his one third. The burden of proof is upon him, to show that he is entitled to more than one third. If he is entitled to more than one third, the burden of proof is upon him to show why he is entitled to more; what service he has rendered that entitles him to more than one third.] [Nothing could be more unfair than to have commissions for services allowed to three executors, and then for one of them to receive the whole amount, and put it upon each of the others to come into court and prove from each item of service rendered that he was entitled to one third, and, if he could not do it, to allow him less than one third. Nothing could be more unfair than that, because in allowing commissions to executors there is allowed much more than the services would be if paid for by the day or year; and this is so because the item of responsibility is allowed for to them. You are to consider the case in this point of view,—whether the defendant has shown that he is entitled to more than one third; that is the way you are to look at the case, with the burden of proof on the defendant.]

Now, it appears from the evidence in the case that when these three executors entered upon the discharge of their duties they all became responsible; and for aught that appears in this case each of the three executors, including the said A. H. Shaw, now

deceased, remained responsible up to the time when the account was settled. He would have had no right to abdicate his powers and stand by, simply leaving it to the other executors; and if they failed to discharge all their duties, then to say that he was not responsible. He had no right to do that, and he could not do that. The plaintiffs' decedent, then, was responsible for an honest and faithful administration of this estate up to the time this account was filed; and they are entitled to his share of whatever was right for that responsibility, so far as the discharge of the trust faithfully was concerned, unless it be for the responsibility for paying out moneys. [If he and the other executor left it to the defendant to pay out the moneys, he might be entitled to a larger share of the compensation for responsibility than they, for that one item of paying out; but so far as collecting the funds and settling up the estate honestly was concerned, and so far as there was risk of any default on the part of the defendant, the others were responsible as well as he, and are entitled to be compensated for that responsibility.]

[As to the part of the compensation which was allowed for acts done for labor as it has been called—and we may use that general term—if the defendant has shown to you that he did more than his share of this, with the consent of the others, you may consider whether he ought to be allowed a larger share of whatever the compensation for it was; but you will have to ascertain what it was the best way you can.. It is not pretended that there was any agreement that he was to have any more than his proportion; and we cannot say to you as a matter of law that there was any implied agreement that he was to have any more, even if he did do more than one third of the business. The law could not imply—if it turned out that he, as one of the three executors, did a little more of the business or labor than the others—that he would be paid more than the others; but you can consider if it was fair, equitable, and right, if he did more, that he should have more than the others.]

[You can consider also whether he, with the consent of the others, took a larger share of the responsibility than they did. If so, and you think it right and fair, you can allow him something for that additional responsibility; but the burden of proof

is upon him to show you that he is entitled to more than one third.] When you have ascertained, if you do ascertain, that he is entitled to more than one third, deduct that from the one third; and whatever remains, if anything does remain, it will be what the plaintiffs would be entitled to in this case, with the interest from the time demand was made. If there has been no demand shown other than the bringing of the action, the interest would run from the time the suit was brought. Suit having been brought the 20th of February, 1885, interest will begin on that day, if you find for the plaintiffs.

The jury returned a verdict for plaintiffs for $785.63, and defendant took this writ, assigning for error the portions of the charge as indicated by above brackets.

*Orvis & Snyder,* for plaintiff in error.—The number of the executors is not to make any difference in the rate of commission; if their trouble be unequal, a share of the commission ought to be assigned to each proportioned to his trouble. Walker's Estate, 9 Serg. & R. 223; Ashton's Estate, 5 Whart. 240; Wickersham's Appeal, 64 Pa. 67.

Where one of two executors renders greater service to the estate than his coexecutor, he will be entitled to a greater share of the commissions. Grant v. Pride, 16 N. C. (1 Dev. Eq.) 269; Hodge v. Hawkins, 21 N. C. (1 Dev. & B. Eq.) 564; Waddill v. Martin, 38 N. C. (3 Ired. Eq.) 562; White v. Bullock, 20 Barb. 91.

The orphans' court has no jurisdiction to settle and adjudicate between executors and administrators as to the proportion which each was to receive out of a gross sum allowed them all. Davis's Estate, 1 Phila. 360; Wickersham's Appeal, 64 Pa. 67.

One executor shall not be charged with the devastavit of his companion, and shall be liable only to the extent of the assets which came to his hands. Toller, Exrs. & Admrs. 368; Wms. Exrs. & Admrs. 6th ed. p. 1924.

An intent, by executors, to be jointly chargeable is not deducible from the mere fact of joining in a receipt. 16 Ves. Jr. 479; M'Nair's Appeal, 4 Rawle, 148; Brown's Appeal, 1 Dall.

311, 1 L. ed. 152; Sterrett's Appeal, 2 Penr. & W. 420; Vernor v. Henry, 6 Watts, 192; Stell's Appeal, 10 Pa. 152; Peter v. Beverly, 10 Pet. 532, 9 L. ed. 522, 1 How. 134; Roach v. Hubbard, Litt. Sel. Cas. 235; Sparhawk v. Buell, 9 Vt. 41; Sutherland v. Brush, 7 Johns. Ch. 17, 11 Am. Dec. 383; Clark v. Clark, 8 Paige, 152, 35 Am. Dec. 676; Banks v. Wilkes, 3 Sandf. Ch. 99; Fennimore v. Fennimore, 3 N. J. Eq. 292; Fisher v. Skillman, 18 N. J. Eq. 229; Clarke v. Cotton, 17 N. C. (2 Dev. Eq.) 51; Knox v. Picket, 4 Desauss. Eq. 199; Kerr v. Waters, 19 Ga. 136; Gaultney v. Nolan, 33 Miss. 569.

There is no such thing as the liability of one joint trustee for the misfeasance or nonfeasance of another, unless that other from insolvency is unable to answer for himself. Until then there can be no loss; and it is only when a loss occurs that the nonreceiving trustee is ever held liable. Stell's Appeal, 10 Pa. 153.

*W. I. Shaw* and *Oscar Mitchell,* for defendants in error.— The commission was allowed to the executors jointly, and the legal presumption is that each executor was entitled to an equal portion of the same.

When two or more persons receive each an undivided interest in a property, the presumption of law, in the absence of any other evidence, is that they have an equality of interest. Edwards v. Edwards, 39 Pa. 369.

In case of a grant to two or more persons jointly, without designating what each takes, they are presumed to take in equal proportions. 1 Bouvier Law Dict. 595.

Where the affirmative is supported by a disputable presumption of law, the party supporting the negative must call witnesses in the first instance to overcome this presumption. Taylor, Ev. § 339.

The correct view is that the burden of proof is upon a party undertaking to prove a point. 1 Wharton, Ev. § 354.

When executors join in administering assets, each is responsible for the safety of the fund and is not excused from loss by the misconduct of his fellow. De Haven v. Williams, 80 Pa. 480, 21 Am. Rep. 107.

The acts of one coexecutor bind all the others, by reason of the confidence reposed in them individually, in consequence of which each has full power over the assets. Beltzhoover v. Darragh, 16 Serg. & R. 329; De Haven v. Williams, 80 Pa. 480, 21 Am. Rep. 107.

An executor cannot make an agreement with his coexecutor whereby he can relieve himself from liability to the estate. Watt's Estate, 25 Pittsb. L. J. 95.

Ordinarily an executor is not liable for nonfeasance; but if he enters upon the execution of any part of the trust he cannot stop short, and must do all that is requisite to conduct the business to a successful termination. De Haven v. Williams, 80 Pa. 480, 21 Am. Rep. 107.

We cannot agree with the counsel for plaintiff in error that the cases of Peter v. Beverly, 10 Pet. 532, 9 L. ed. 522, 1 How. 134; Clark v. Clark, 8 Paige, 152, 35 Am. Dec. 676; Sparhawk v. Buell, 9 Vt. 41; Sutherland v. Brush, 7 Johns. Ch. 17, 11 Am. Dec. 383; Banks v. Wilkes, 3 Sandf. Ch. 99; Fennimore v. Fennimore, 3 N. J. Eq. 292; Fisher v. Skillman, 18 N. J. Eq. 229; Clarke v. Cotton, 17 N. C. (2 Dev. Eq.) 51; Knox v. Picket, 4 Desauss. Eq. 199; Kerr v. Waters, 19 Ga. 136; Gaultney v. Nolan, 33 Miss. 569,—establish the rule of law to be, that a coexecutor shall only be liable for acts of his coexecutors in case there happen to be a devastavit.

On the contrary, the rule established by these cases and many others that we might cite is that one coexecutor is not responsible for the devastavit of his coexecutor any further than he is shown to have been knowing and assenting at the time of such devastavit or misapplication of assets; and merely permitting his coexecutors to possess the assets without going any further and concurring in the application of them does not render him answerable for the receipts of his coexecutors.

If all the proceeds of an estate pass into the hands of one of the executors originally, and his coexecutor permits him to use them and concurs in the application of them, he is unquestionably chargeable with the default of his coexecutor. Clark v. Clark, 8 Paige, 152, 35 Am. Dec. 676.

In the management of partnership business, the law would

not imply, in the absence of any agreement, that a partner who renders a little more service is to be compensated for the inequality of services rendered. Beatty v. Wray, 19 Pa. 518, 57 Am. Dec. 677; Thornton v. Proctor, 1 Anstr. 94; Bradford v. Kimberly, 3 Johns. Ch. 431; Franklin v. Robinson, 1 Johns. Ch. 165.

One of several executors has no right to retain the whole of the commission allowed to them by the court, upon the ground that he had solely transacted the business of the administration. Smart v. Fisher, 7 Mo. 580.

The compensation of executors is not determinable by any established practice or rule, being graduated by the responsibility incurred, the amount of the estate and the amount of labor expended. *Re* Harland, 5 Rawle, 323; McCauseland's Appeal, 38 Pa. 466; Montgomery's Appeal, 86 Pa. 230; Norris's Appeal, 71 Pa. 106.

PER CURIAM:

If the learned judge committed any error in this case, it was in being too favorable to the plaintiff in error. There is certainly nothing giving him any just cause of complaint. When a sum of money is decreed to two persons jointly, and one of them claims more than a moiety thereof, he takes on himself the burden of proving, in some manner, his right thereto.

Judgment affirmed.